UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CHRISTOPHER BECK,

                Plaintiff,

v.

PROVIDENCE HEALTH & SERVICES-
OREGON,

                Defendant.

3:18-cv-1599-JR

ORDER

RUSSO, Magistrate Judge:

Pro se plaintiff, Christopher Beck, brings this action asserting defendant Providence Health & Services - Oregon "failed to manage [his] pain that was obviously seen, heard." Complaint (#2) at p. 4. On September 17, 2018, the court granted plaintiff's application to proceed *in forma pauperis* (IFP).

The court should dismiss, at the earliest practical time, certain IFP actions that fail to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). In determining the sufficiency of a pro se complaint, the court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S.

519, 520–21 (1972); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (in assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337–38 (9th Cir.1996) (allegations of material fact are taken as true and construed in the light most favorable to plaintiff).

Plaintiff asserts diversity jurisdiction in his complaint. Complaint (#2) at p.3. However, plaintiff alleges he is an Oregon citizen and that defendant is an Oregon corporation with its principal place of business in Oregon. Accordingly, jurisdiction cannot be based on diversity. See 28 U.S.C. § 1332 (federal courts have original jurisdiction in civil actions where amount in controversy exceeds $75,000 and the action lies between citizens of different states).

Construing the complaint liberally, it cannot be determined if plaintiff has alleged a cognizable claim upon which to assert federal question jurisdiction. See 28 U.S.C. § 1331 (federal courts have original jurisdiction of all civil actions arising under the Constitution and laws of the United States). As noted above, plaintiff alleges defendant failed to manage his pain. The Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, creates a cause of action which makes hospitals strictly liable for refusing to provide "essential emergency care because of a patient's inability to pay." Eberhardt v. City of Los Angeles, 62 F.3d 1253, 1258 (9th Cir. 1995). However, the complaint further alleges defendant "ordered topical agents to be applied to areas of pain which greatly increased the amount of pain experienced." Complaint (#2) at p. 4. Thus, it appears plaintiff does not allege defendant refused to provide care, but, rather, that defendant provided plaintiff with negligent care. The EMTALA does not create a federal remedy for medical negligence or a duplicate state-law medical malpractice claim. Jackson v. E. Bay Hosp., 980 F. Supp. 1341, 1348 (N.D. Cal. 1997).

Nonetheless, plaintiff also alleges he experienced physical and psychological turmoil by

Providence Health Services inaction during a January 2, 2018 emergency room visit. Complaint (#2) at p.4. Thus, it is unclear if plaintiff can allege a claim based on federal law. However, this allegation raises another issue regarding this court's jurisdiction as plaintiff alleges the case at bar is related to an "earlier claim of the same event in Multnomah County Civil Circuit (18cv3361)." Id. Under the Colorado River doctrine, the presence of a concurrent state proceeding permits the district court to dismiss, in certain rare circumstances, a concurrent federal suit for reasons of wise judicial administration. Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 818 (1976). Given the dearth of allegations, the court cannot determine whether this case should be dismissed in favor of any concurrent state court proceeding even assuming a valid EMTALA can be alleged.

Because the complaint lacks sufficient allegations demonstrating jurisdiction, the complaint must be dismissed for failure to allege subject matter jurisdiction.

In addition, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Fed. R. Civ. P. 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." However,

> [w]hile a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level....

Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). Moreover, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions-which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted-and "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements." Ashcroft , 556 U.S. at 678.  In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id.  As noted, the complaint fails to identify a specific civil cause of action or to allege facts demonstrating entitlement to relief based on any cause of action over which this court has jurisdiction.  Accordingly, the complaint must be dismissed for failure to state a claim for relief.

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).  Plaintiff is allowed 14 days from the date of this order to file a complaint that complies with the requirements of Fed. R. Civ. P. 8(a) and otherwise demonstrates subject matter jurisdiction.

The failure to file an amended complaint as ordered will result in the dismissal of this action.

## CONCLUSION

The complaint is dismissed with leave to file an amended complaint within 14 days from the date of this order.

DATED this 26th day of September  2018.

  /s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge